# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LARRY BARBER, )<br>　　　　　　Plaintiff, )<br>vs. )<br>STEVE WILLIAMS, *et al.*, )<br>　　　　　　Defendants. ) | Case No.  2:13-cv-00538-GMN-CWH<br>**ORDER** |

　　　　This matter is before the Court on Defendant Steve Williams' ("Defendant") Motion to Stay Discovery Pending Outcome of Criminal Investigation (#35), filed on March 4, 2014.  The Court also considered Plaintiff's Response (#39), filed on March 13, 2014.  In addition, this matter is before the Court on Plaintiff's Motion for Leave to File Fourth Amended Complaint (#40), filed on March 13, 2014.  Defendant seeks a stay of discovery because a related criminal case proceeding is ongoing, trial is not scheduled until July 28, 2014, and the Clark County District Attorney is reviewing the investigation.  Plaintiff does not oppose a stay of discovery and requests that the stay be imposed until September 1, 2014.

## DISCUSSION

　　　　Courts have broad discretionary power to control discovery including the decision to allow or deny discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id.*  In exercising its discretion, the court must consider factors like, "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976).

An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)). Moreover, a court should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay . . . will work damage to someone else." *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Therefore, the court must balance the competing interests affected by a stay such as, the "hardship or inequity which a party may suffer in being required to go forward." *Lockyer v. State of California*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court finds that the Defendant has made the strong showing necessary to support the requested stay. Defendant contends that a stay is necessary to protect his 5th Amendment privilege against self-incrimination, review of the investigation by the DA, and allow for the completion of the related criminal proceeding. More specifically, Defendant asserts that the civil and criminal matters are almost identical as to subject matter and proceeding with discovery in this case would force witnesses to forgo their Fifth Amendment rights. Plaintiff does not oppose a stay as long as he is provided with the opportunity to conduct discovery at a later date. In fact, Plaintiff requests that the stay be imposed only until September 1, 2014. This proposed date is a federal holiday, so the Court will modify it to September 2, 2014. However, the Court finds that a stay of discovery is warranted to promote efficiency and justice. Plaintiff is not prejudiced because he does not oppose Defendant's request for a stay. Additionally, there are no pending motions or trial date in this

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

matter. Further, the delay of time is not substantial given that there is a parallel criminal proceeding. Finally, the Plaintiff filed a motion for leave to file his fourth amended complaint. In light of the stay, the Court will deny this motion without prejudice. Plaintiff may renew his motion once discovery commences after the stay is lifted. Additionally, the Court will require the parties to submit a new joint proposed discovery plan and scheduling order after the stay is lifted.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Steve Williams' Motion to Stay Discovery Pending Outcome of Criminal Investigation (#35) is **granted**.

**IT IS FURTHER ORDERED** that discovery shall be stayed until the earlier of September 2, 2014 or the criminal proceedings against Defendant Steve Williams are complete.

**IT IS FURTHER ORDERED** that the parties shall file joint status reports on **May 13, 2014** and on **August 1, 2014** regarding the status of the criminal proceedings and necessity of the stay.

**IT IS FURTHER ORDERED** that the parties shall file a joint proposed discovery plan and scheduling order within 10 days after the stay expires or no later than **September 12, 2014**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Fourth Amended Complaint (#40) is **denied without prejudice** given that a stay has been imposed and may be renewed once the stay is lifted.

DATED this 14th day of March, 2014.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**