1
2
3
4

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| LARRY BARBER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  2:13-cv-00538-GMN-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STEVE WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Steve Williams' ("Defendant") Motion to Continue Stay Discovery (doc. # 57), filed October 27, 2014.

### DISCUSSION

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery.  See e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Landis v. North American Co., 299 U.S. 248, 254 (1936).  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis, 299 U.S. at 254.  In exercising its discretion, the court must consider factors like, "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976).

An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases.  That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery.  Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997).[1]  Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief.  See Tradebay, 278 F.R.D. at 603; see also Wood v. McEwen, 644

---

[1] As noted in Tradebay, LLC v. eBay, Inc., "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."  278 F.R.D. 597, 603 (D. Nev. 2011).

F.2d 797, 801 (9th Cir. 1981) (per curiam).  Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." Tradebay, 278 F.R.D. at 601 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)).  Moreover, a court should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay... will work damage to someone else." Dependable Highway Express, Inc. v. Navigators Insurance Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  Therefore, the court must balance the competing interests affected by a stay such as, the "hardship or inequity which a party may suffer in being required to go forward." Lockyer v. State of California, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court finds that Defendant has made the strong showing necessary to support the continuation of the stay previously imposed until November 6, 2014.  Defendant asserts that the criminal investigation is still ongoing and a stay is necessary to protect his Fifth Amendment privilege against self-incrimination.  The Court finds that a stay of discovery is warranted to promote efficiency and justice.  Plaintiff is not prejudiced because he will have an opportunity to conduct discovery after the stay.  There are also no pending motions or trial date in this matter.  Further, the delay of time is not substantial given that there is a parallel criminal proceeding.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Steve Williams' Motion to Continue Stay (doc. # 57) is **granted**.

**IT IS FURTHER ORDERED** that discovery shall be stayed until the earlier of either March 16, 2015 or the criminal proceedings against Defendant Steve Williams is complete.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report on **March 2, 2015** regarding the status of the criminal proceedings and necessity of the stay.

**IT IS FURTHER ORDERED** that the parties shall file a joint proposed discovery plan and scheduling order within 10 days after the stay expires.

DATED: October 28, 2014

_____

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2