UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY BARBER,<br>　　　　Plaintiff,<br>vs.<br>STEVE WILLIAMS, *et al.*,<br>　　　　Defendants. | Case No. 2:13-cv-00538-GMN-CWH<br><br>**ORDER** |

## INTRODUCTION

This matter is before the Court on Plaintiff's motions (docs. # 81, # 82, # 83, # 84, # 88, # 95, # 96, # 99), Defendant's responses (docs. # 85, # 86, # 87, # 97, # 98), and Plaintiff's replies (docs. # 89, # 90, # 91).

## BACKGROUND

Plaintiff, proceeding pro se, is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") and currently incarcerated at the High Desert State Prison. In 2013, the Court entered screening orders, which were adopted by the district judge in this case. See Docs. # 6, # 9, # 11, # 19. The Court then granted Defendant's proposed discovery plan and scheduling order on January 13, 2014. See Doc. # 28. Thereafter, discovery was stayed to protect Defendant's Fifth Amendment rights and to allow completion of a related criminal proceeding involving the same subject matter. See Docs. # 41, # 52, # 58. The Court subsequently extended the stay based on the parties' requests. See Docs. # 65, # 75, # 78. Plaintiff now brings various motions before this Court.

//

**DISCUSSION**

**1.      Motion for Leave to File Fourth Amended Complaint (doc. # 81, # 82, # 96)[1]**

Plaintiff asks the Court for leave to file a fourth amended complaint. Defendant opposes the motion because Plaintiff purportedly seeks amendments that are "insignificant and immaterial," such as seeking to provide more detailed factual allegations and to increase the amount of monetary relief requested, thereby rendering Plaintiff's request as "futile." Doc. # 86 at 3.

Under Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP"), the court should freely give leave to amend when justice so requires, and there is a strong public policy in favor of permitting amendment. Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). Indeed, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding a motion for leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended the complaint. United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining... factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original).

A claim is futile and leave to amend will not be granted if there are no facts that can be proved under the amendment that would constitute a valid claim or defense. Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleading is filed." Id.; see also Steward v. CMRE Fin'l Servs., Inc., No. 2:15-cv-00408-JAD-NJK, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015). Deferring ruling on the sufficiency of the allegations is preferred in light of, among others, the more liberal standards applicable to motions to amend. See In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

//

---

[1] Plaintiff filed duplicative motions (docs. # 81, # 96) to his motion for appointment of counsel (doc. # 82). The Court will consider doc. # 82, as it is the version that includes Plaintiff's proposed fourth amended complaint.

In light of the Ninth Circuit's liberal standards regarding motions to amend, this Court grants Plaintiff's request (doc. # 82) and finds that the amendments at issue are not clearly futile. The Court further notes that it will not screen the amended complaint. See Olausen v. Murguia, No. 3:13-CV-00388-MMD-VPC, 2014 WL 6065622, at *5 (D. Nev. Nov. 12, 2014) (Federal courts are not required to screen every proposed amended complaint post-answer in cases involving inmate litigation). Finally, the Court denies as moot Plaintiff's other motions to amend (doc. # 81, # 96), which are duplicative of the instant motion (doc. # 82).

**2.    Renewed Motion for Appointment of Counsel (docs. # 84, # 95)**

Plaintiff renews his request for appointment of counsel, claiming that the instant case is complex, he has difficulties accessing the prison's law library, and he cannot afford counsel.

Defendant, in opposition, asks the Court to deny the request because Plaintiff is purportedly unlikely to succeed on the merits of his claims, can articulate his claims well, and this case is not legally or factually complex.

In reply, plaintiff restates his earlier assertions, denies that his claims are unlikely to succeed, and contends that he needs counsel to conduct the questioning at trial.

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." See Ageyman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates:  (1) the likelihood of plaintiff's success on the merits, and (2) plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331.  The court has considerable discretion in making these findings.

A review of the record reveals that this is Plaintiff's second (and third)[2] request for appointment of counsel. The Court agrees with Defendant that Plaintiff can articulate his claims well, and this case

---

[1] Plaintiff filed a duplicative motion (doc. # 95) to his March 7, 2016 motion for appointment of counsel (doc. # 84).

3

1  is not legally or factually complex.  The Court also notes that it is not unusual for inmates to have
2  limited access to the prison law library given that many inmates must be provided access, and Plaintiff
3  fails to specify any difficulties that have frustrated his attempts to litigate this case that would warrant
4  the Court's intervention. Without more, the Court concludes that the exceptional circumstances
5  necessary to justify appointment of counsel are not present here.  As such, the instant motion (doc.
6  # 84) is denied and Plaintiff's duplicative motion (doc. # 95) is denied as moot.

**3.     Motion to Lift Stay (doc. # 88)**

Plaintiff asks the Court to lift the stay in this case so the parties can proceed with discovery. Defendant did not file a response but states in his interim status report that he does not oppose lifting the stay because the Clark County District Attorney decided not to issue a report on the "use of force" question relating to Defendant's actions. See Doc. # 93 at 2.

Good cause appearing, the Court grants Plaintiff's request (doc. # 88) to lift the stay in this case.

**4.     Motion Requesting Discovery (doc. # 83)**

Plaintiff asks the Court to reopen discovery, and appears to argue that Defendant is not entitled to qualified immunity.

In response, Defendant no longer opposes Plaintiff's request to reopen discovery because the Clark County District Attorney decided not to issue a report on the "use of force" question relating to Defendant's actions. See Doc. # 85; Doc. # 93 at 2.  Further, Defendant asks the Court to reject Plaintiff's argument that Defendant is not entitled to qualified immunity.

The Court grants Plaintiff's request (doc. # 83) to reopen discovery, and will separately enter a scheduling order governing discovery in this case.  Moreover, the Court will not consider Plaintiff's assertion that Defendant is not entitled to qualified immunity, as this assertion is improperly presented in the instant motion.

**5.     Request for Interim Status Report (doc. # 99)**

Plaintiff asks the Court to provide him with a status report in this case.  Plaintiff appears to misunderstand the purpose of interim status reports, which are reports submitted to the Court by the parties so the Court is apprised of the status of a case.  Nevertheless, the Court notes that Plaintiff's

4

1 queries are addressed by the instant order. As such, Plaintiff's motion (doc. # 99) for interim status
2 report is denied.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Fourth Amended Complaint  (doc. # 82) is **granted**.  The Clerk of Court is directed to **file** Plaintiff's fourth amended complaint (doc. # 82 at 6 to 19) on the record.

**IT IS FURTHER ORDERED** that Plaintiff's duplicate Motions to Amend the Complaint (doc. # 81, # 96) are **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Appointment of Counsel (docs. # 84) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's duplicate Motion for Appointment of Counsel (doc. # 95) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Lift Stay (doc. # 88) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Discovery (doc. # 83) is **granted**.  The Court will enter a separate order governing discovery in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Interim Status Report (doc. # 99) is **denied**.

DATED:  May 10, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**