UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY BARBER,                                                ) | Case No. 2:13-cv-00538-GMN-CWH |
|              Plaintiff,                                               ) | |
|      v.                                                                   ) | |
| OFFICER STEVE WILLIAMS,                           ) | **ORDER** |
|              Defendant.                                            ) | |

Presently before the Court is Plaintiff's motion for an order compelling discovery (ECF No. 114), filed on July 5, 2016. The Defendant filed a response (ECF No. 115) on July 18, 2016. In his motion, Plaintiff, who is presently incarcerated, asserts that, as of June 26, 2016, he has not received any response to discovery requests by May 15, 2016. Neither party asserts that the parties have met or conferred regarding the disputed discovery.

Under 37(a)(1) of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery. The motion must include certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 26-7(c) also requires that discovery motions will not be considered unless the moving party "(1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."

Plaintiff's motion does not include a declaration in compliance with Federal Rule of Civil Procedure 37(a)(1) or Local Rule 26-7(c), nor does his motion provide any indication of having made a good-faith effort to meet and confer. Generally, parties with discovery disputes are required to conduct personal, two-way communication to attempt to resolve their disputes without court

intervention. However, where one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or by exchanging letters. *See* Local Rule IA 1-3(f)(1). Although the format of the meet-and-confer process changes, the substance remains the same: the parties must engage in a good-faith effort to meet and confer before seeking court intervention in any discovery dispute. Because Plaintiff has not indicated a good-faith effort to meet and confer before filing his motion, the Court will not consider Plaintiff's motion.

IT IS THEREFORE ORDERED that Plaintiff's motion for an order compelling discovery (ECF No. 114) is DENIED without prejudice.

DATED: July 26, 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge