|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| LARRY BARBER, | ) | Case No. 2:13-cv-00538-GMN-CWH |
| Plaintiff, | ) | |
| v. | ) | |
| STEVE WILLIAMS, et al, | ) | **ORDER** |
| Defendants. | ) | |

Presently before the Court is pro se Plaintiff Larry Barber's motion for the production of documents (ECF No. 154), filed on April 25, 2017. Defendants have not filed a response.

Plaintiff's moves for production of discovery documents from Defendants' experts related to excessive force. Under Local Rule 26-7(c), discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined by Local Rule IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. Local Rule IA 1-3(f)(1) requires that in order to satisfy the meet and confer provision above, the parties must communicate directly and discuss in good faith the issues in dispute. In cases involving an incarcerated individual, the meet and confer conference may be completed through written communication. The Court further notes that, although claims made by pro se plaintiffs are to be construed liberally, they are still bound by the federal rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Here, Plaintiff has not certified that a good-faith effort was made to meet and confer, nor has he explained the substance of the dispute that remains for the requested material. The Court will therefore deny Plaintiff's motion without prejudice. After fulfilling the meet and confer obligations, Plaintiff may refile this motion if there is a remaining dispute.

//

//

1

IT IS THEREFORE ORDERED that Plaintiff's motion for the production of documents (ECF No. 154) is DENIED without prejudice.

DATED: April 27, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge