# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LARRY BARBER,

        Plaintiff,

vs.

OFFICER STEVE WILLIAMS, *et al.*,

        Defendants.

Case No.: 2:13-cv-00538-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Judgment on the Pleadings, (ECF No. 117), filed by Defendant Officer Steve Williams ("Defendant"). Pro se Plaintiff Larry Barber ("Plaintiff")[1] filed a Response, (ECF No. 123), and Defendant filed a Reply, (ECF No. 124). Plaintiff also filed a Surreply, (ECF No. 125). For the reasons discussed below, the Court **GRANTS** Defendant's Motion.[2]

## I.    BACKGROUND

This case arises out of Defendant's arrest of Plaintiff. Specifically, on January 31, 2012, Plaintiff jay-walked across a street and entered the lobby of a hotel. (Fourth Am. Compl. at 3–4, ECF No. 103). Plaintiff alleges that while on patrol, Defendant and his partner witnessed Plaintiff jay-walk and followed him into the lobby to speak to him. (*Id.* at 4).

When Defendant asked to speak to Plaintiff, Plaintiff asserts that his back was turned, and Plaintiff turned around to face Defendant with his hand in his pocket. (*Id.* at 4–5).

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Also pending before the Court is Defendant's Motion to Extend Dispositive Motion Deadline, (ECF No. 126). Because Defendant timely filed the instant dispositive Motion, which the Court grants, the Court **DENIES as moot** Defendant's Motion to Extend Dispositive Motion Deadline.

Defendant asked Plaintiff to step out of the lobby, to which Plaintiff responded, "For what?" (*Id.* at 5). Plaintiff alleges that Defendant then ordered Plaintiff to remove his hand from his pocket and exit the hotel. (*Id.*). After further argument, Plaintiff contends that he went to remove his hand from his pocket, but first informed Defendant that there was a pocketknife in his pocket. (*Id.* at 6). Plaintiff alleges that a struggle occurred between Plaintiff and Defendant with the pocketknife, and Defendant eventually shot Plaintiff multiple times. (*Id.* at 7).

Plaintiff was charged with the exchange for attempted murder with use of a deadly weapon, resisting a public officer, carrying a concealed firearm or other deadly weapon, and assault with a deadly weapon. (Ex. D to Mot. for J. on the Pleadings ("MJP"), ECF No. 117). Ultimately, Plaintiff accepted a guilty plea agreement for the charges of resisting a public officer and assault with a deadly weapon. (Ex. H to MJP).

In the instant action, Plaintiff asserts a § 1983 claim against Defendant for violating Plaintiff's Fourth Amendment right "to be free from physically intrusive governmental conduct, specifically, the use of excessive force in the seizure of his person." (Fourth Am. Compl. at 4). Plaintiff seeks, *inter alia*, "compensatory damages in the amount of ten million dollars," "punitive damages in the amount of ten million dollars," and "declaratory judgment that [D]efendant used 'excessive force.'" (*Id.* at 14).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, "[a]nalysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged

in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.*

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. DISCUSSION

Plaintiff's Fourth Amended Complaint, (ECF No. 103), alleges a single violation of Plaintiff's Fourth Amendment Right "to be free from physically intrusive governmental conduct, specifically, the use of excessive force in the seizure of his person." (Fourth Am. Compl. at 4). Defendant seeks judgment on the pleadings "because Plaintiff's action is barred by *Heck v. Humphrey*." (MJP 1:19–20, ECF No. 117).

Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 action that challenges the validity of a plaintiff's criminal conviction or confinement is not cognizable unless the plaintiff can prove that his or her sentence has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. "*Heck*, in other words, says that if a criminal conviction stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). Conversely, if success on the merits would not necessarily demonstrate the invalidity of the conviction or confinement, the action may proceed. *Heck*, 512 U.S. at 487.

In *Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005), the Ninth Circuit considered a § 1983 action in which the defending police officers argued, as Defendant does here, that *Heck* barred the plaintiff's excessive force claim because the lawfulness of the arrest "was determined in the criminal action in which he voluntarily pled guilty." *Smith*, 394 F.3d at 696. The defendants reasoned that a finding of excessive force would "necessarily imply the invalidity of his criminal conviction." *Id.* The Ninth Circuit agreed that, if the plaintiff had pled guilty to resisting arrest and now alleges excessive force based on actions taken during the course of the arrest, his suit would be barred by *Heck*. *Id.* Success on the merits "would necessarily mean that the officers had used excessive force to subdue him and were therefore acting unlawfully at the time his arrest was effected," rendering the conviction wrongful. *Id.*

However, if the excessive force alleged "occurred subsequent to the conduct on which his conviction was based," *Smith* held that *Heck* would permit the claim to proceed. *Id.* at 698. Accordingly, to determine whether the bar of *Heck* applies, the Court must consider whether it is reasonable to infer that Plaintiff's "conviction and excessive force claims are 'based on different actions.'" *Kyles v. Baker*, 72 F. Supp. 3d 1021, 1037 (N.D. Cal. 2014) (quoting *Hooper v. City of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011)); *see also Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) (holding that *Heck* does not preclude an excessive force claim where the force is "distinct temporally or spatially from the factual basis for the person's conviction"); *Smith*, 394 F.3d at 698–99.

Here, Plaintiff pled guilty to both resisting a public officer and assault with a deadly weapon, and neither of these convictions have been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. (MJP 1:14–20); (*see* Ex. H to MJP). Plaintiff, moreover, admits to accepting the plea agreement. (*See* Opp'n to Def.'s MJP at 1, ECF No. 123).

As such, Plaintiff's plea agreement is a conviction for purposes of *Heck*. *See Heck*, 512 U.S. at 486–87; (*see* Ex. H to MJP). Thus, the inquiry is whether the excessive force Plaintiff alleges arose out of the same facts on which Plaintiff's conviction was based. *See Smithart*, 79 F.3d at 952. If so, Plaintiff's claims are barred by *Heck*; if not, Plaintiff's claim may proceed. *Id.*

The preliminary hearing and subsequent Information preceding Plaintiff's guilty plea demonstrates that his conviction was based on his act of resisting, obstructing, or delaying Defendant in his attempt to discharge a legal duty. (*See* Ex. H to MJP); (Ex. D to MJP). Plaintiff seeks relief from his conviction due to Defendant's alleged excessive force during the same incident for which Plaintiff pled guilty. Plaintiff attempts to justify his acceptance of the

plea but fails to show that his conviction was invalidated or that it was predicated on some alternative factual scenario.

As such, Plaintiff's allegations leave no question that he is challenging the fact of his arrest and subsequent incarceration with the goal of rendering his conviction and sentence invalid. Because his conviction has not been reversed on direct appeal, expunged by executive order, or declared invalid, the requested relief is unavailable pursuant to *Heck*. However, although Plaintiff's current action is barred, the Court's dismissal is without prejudice so that in the event Plaintiff succeeds in invalidating his conviction, he may file an action in the appropriate court. *Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2015). Accordingly, the Court grants Defendant's Motion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings, (ECF No. 117), is **GRANTED**. Plaintiff's claim is dismissed without prejudice to the refiling of a new case. Plaintiff may only refile an action based on the instant facts if he were to succeed in invalidating his conviction.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Dispositive Motion Deadline, (ECF No. 126), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**.

The Clerk of Court shall close the case.

**DATED** this __9__ day of May, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge